Edna G. RANDALL, Administratrix of the estate of Francis E. Randall, deceased, Appellant,

v.

UNITED STATES of America, Appellee.

No. 15227.

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 20, 1960.

Decided July 21, 1960.

Petition for Rehearing En Banc Denied Sept. 19, 1960.

Circuit Judge Miller would grant the petition.

Mr. Eugene Gressman, Washington, D. C., with whom Mr. Hyman Smollar, Washington, D. C., was on the brief, for appellant.

Mr. Anthony L. Mondello, Atty., Dept. of Justice, of the Court of Appeals of New York, pro hac vice, by special leave of court, with whom Asst. Atty. Gen. George C. Doub and Messrs. Oliver Gasch, U. S. Atty., and Morton Hollander, Atty., Dept. of Justice, were on the brief, for appellee.

Before EDGERTON, WILBUR K. MILLER, and FAHY, Circuit Judges.

EDGERTON, Circuit Judge.

Francis E. Randall, a government employee traveling on government business, was killed in an airplane accident due to the negligence of a pilot employed by Eastern Air Lines and of a control tower operator employed by the United States. As her husband's executrix, his widow sued Eastern and agreed to a $37,500 settlement. Eastern paid the money into court, because the United States asserted a lien for the amount it had paid the widow as compensation under the Federal Employees' Compensation Act. The District Court sustained the claim of the United States, and the widow appeals.

Section 27 of the Compensation Act, 39 Stat. 747–748, 5 U.S.C.A. § 777, provides that "if an injury or death for which compensation is payable under this Act is caused under circumstances creating a legal liability in some person other than the United States to pay damages therefor, and a beneficiary entitled to compensation from the United States for such injury or death receives, as a result of a suit brought by him or on his behalf, or as a result of a settlement made by him or on his behalf, any money or other property in satisfaction of the liability of such other person, such beneficiary shall, after deducting the costs of suit and a reasonable attorney's fee, apply the money or other property so received in the following manner: (A) If his compensation has been paid in whole or in part, he shall refund to the United States the amount of compensation which has been paid by the United States * * *."

It is not disputed that Randall's death was "caused under circumstances creating a legal liability in" Eastern. In our opinion the suit of the administratrix against Eastern was brought, and her settlement with Eastern was made, either wholly or partly on "behalf" of Randall's widow. The wrongful death statute of the District of Columbia forbids "payment of the debts or liabilities" of the deceased out of money recovered by an administrator because of a wrongful death. D.C.Code § 16–1203. The entire amount recovered is to be allocated "to the spouse and next of kin * * * according to the finding of damage to said spouse and next of kin." D.C.Code § 16–1201. In the absence of such a finding, the widow and the next of kin, if any, are to share in the amount according to the statute of distribution. D.C. Code § 16–1203; see §§ 18–702 to 18–704.

It follows that the United States is entitled to the statutory refund, but only to the extent that it does not exceed the widow's share of Eastern's payment.

We think it immaterial that a government employee's negligence was one cause of Randall's death. We find nothing in § 27 of the Compensation Act to suggest that when the negligence of one government employee causes an accident to another government employee for which the United States pays compensation, the beneficiary is excused from refunding the compensation to the United States out of money the beneficiary receives "in satisfaction of the liability of [an]other person." In Pope & Talbot, Inc. v. Hawn, 346 U.S. 406, 411–412, 74 S.Ct. 202, 98 L.Ed. 143, the Supreme Court upheld the right of a negligent private employer, in similar circumstances, to a refund of compensation that had been paid under the Longshoremen's and Harbor Workers' Compensation Act, 44 Stat. 1424, 33 U.S.C.A. § 901. There are cases to the same effect under similar State compensation acts; e. g., Cyr v. F. S. Payne Co., D.C.Conn., 112 F.Supp. 526, 530–531. These acts are not intended to allow a beneficiary what amounts to a double recovery on account of the injury or death of an employee, in order to punish his employer for the negligence of another employee.

The judgment is vacated and the case is remanded for further proceedings consistent with this opinion.

Vacated and remanded.

WILBUR K. MILLER, Circuit Judge (dissenting).

In order to set forth my theory of this case, it is necessary to make a more detailed statement of the situation, both as to law and to facts, than does the majority opinion.

When an Eastern Air Lines passenger plane was about to land at the Washington National Airport on the morning of November 1, 1949, it was struck and cut in two by a Bolivian military-type plane, and the 55 persons on board it were killed.[1] Among them was Francis E. Randall, an employee of the United States Government who was traveling on

---

1. The Bolivian plane was occupied only by its pilot, who survived.

official business. He was childless and was survived by his widow, Edna G. Randall.

Generally, under the Federal Tort Claims Act,[2] the United States is legally liable to pay damages for injury to or the death of any person caused by its sole or concurring negligence. But if the decedent was a Government employee, the Tort Claims Act does not apply and the United States is not legally liable in damages. This is so because the Government's only liability for the injury or death is under the Federal Employees' Compensation Act, 5 U.S.C.A. § 760, 39 Stat. 744: to pay compensation at stipulated rates, first to the decedent's childless widow, and then in succession to persons of varying degrees of relationship.[3]

Because of this statutory situation, the administratrix of the estate of Francis E. Randall did not follow the example set by most of the personal representatives of the victims who filed suit in the United States District Court for the District of Columbia against Eastern Air Lines, alleging negligence in the operation of its plane, and against the United States, alleging negligence on the part of its tower operators. Randall's administratrix sued Eastern Air Lines only, and did not complain against the United States because, as we have seen, the Government is not liable in damages under the Federal Tort Claims Act or otherwise for the death of its employee during the performance of his duty, even though the death was caused by the negligence of the United States.

From the many suits filed as a result of the accident, four cases were selected to be tried to determine liability,[4] and it was stipulated in all other actions that they should be governed as to liability by the final result of those chosen to be tried. Among the cases included in the stipulation was that presently before us, which had been filed October 26, 1950, by Edna G. Randall, Administratrix of the Estate of Francis E. Randall, against Eastern Air Lines.

The test cases resulted in a final determination that Eastern Air Lines and the United States were negligent and, therefore, liable in damages for the deaths of the persons on the Eastern plane. Union Trust Co. of District of Columbia v. United States, D.C.D.C.1953, 113 F.Supp. 80; Eastern Air Lines v. Union Trust Co., 1955, 95 U.S.App.D.C. 189, 221 F.2d 62; United States v. Union Trust Co., 1955, 350 U.S. 907, 76 S.Ct. 192, 100 L.Ed. 799; Eastern Air Lines, Inc. v. Union Trust Co., 1956, 99 U.S.App.D.C. 205, 239 F.2d 25, certiorari denied 1957, 353 U.S. 942, 77 S.Ct. 816, 1 L.Ed.2d 760. After the final determination of its liability, Eastern Air Lines negotiated a settlement with Randall's administratrix for the sum of $37,500, which was approved by the District Court.

Soon after the fatal accident. Randall's widow had filed a claim for compensation on account of his death with the United States Employees' Compensation Commission. An award was entered May 8, 1950, giving the widow monthly compensation of $292.50 from November 3,

2. 60 Stat. 842 (Aug. 2, 1946). See also 28 U.S.C. § 1346.

3. A compensation claim was made the exclusive remedy by Section 201(b), Federal Employees' Compensation Act Amendments of 1949, 63 Stat. 861, 5 U.S. C.A. § 757(b):
"The liability of the United States or any of its instrumentalities under this Act or any extension thereof with respect to the injury or death of an employee shall be exclusive, and in place, of all other liability of the United States or such instrumentality to the employee,

his legal representative, spouse, dependents, next of kin, and anyone otherwise entitled to recover damages from the United States or such instrumentality, on account of such injury or death, in any direct judicial proceedings in a civil action or in admiralty, or by proceedings, whether administrative or judicial, under any other workmen's compensation law or under any Federal tort liability statute; *Provided, however,* That this subsection shall not apply to a master or a member of the crew of any vessel."

4. And other questions not pertinent here.

1949,[5] until her death or marriage. When she remarried August 31, 1954, she had received compensation in the aggregate sum of $17,165.50.

Having paid the widow compensation in that sum on account of Randall's death, the United States claimed it was entitled to be reimbursed therefor out of the sum of $37,500 which Eastern Air Lines had agreed to pay to the administratrix in settlement of her suit against it, and was entitled to a lien thereon. The Government's contention was based on Section 27 of the Federal Employees' Compensation Act, 5 U.S.C.A. § 777, 39 Stat. 747 (Sept. 7, 1916), which is reproduced in the margin.[6] Because the Government was claiming a lien upon the sum it had agreed to pay to the administratrix, Eastern Air Lines prayed for and obtained permission to pay the sum of $37,500 into the registry of the District Court to await disposition of the Government's claim. Therefore, the Government filed, in the proceeding by the administratrix against Eastern Air Lines, a petition to enforce its alleged lien; it averred that the "Plaintiff, Edna G. Randall, Administratrix of the estate of Francis E. Randall, deceased, received the sum of $17,165.50 under the provisions of the Federal Employees Compensation Act as the widow of Francis E. Randall * * *."

After answer by the administratrix, the question was submitted on cross-motions for summary judgment. The Dis-trict Court granted the motion of the Government and directed that, of the money deposited in the registry of the court, the sum of $17,165.50 be paid to the Government. The court stayed the execution of its order pending this appeal by the administratrix, which immediately followed.

As has been said, it has been judicially determined that Randall's death was caused by the concurrent negligence of Eastern Air Lines and the United States. If he had not been a Government employee, both tort-feasors would have been legally liable to pay damages. But, as he was a Government employee, only Eastern is legally liable to pay damages, and compensation must be paid by the United States. Because of the apparent compulsion of Section 27 of the Compensation Act,[7] the District Court has held that the damages paid by Eastern must be diminished by the repayment of the federally-paid compensation. The net result of the holding is that, merely because Randall was a Government employee, only Eastern pays damages and the United States pays nothing—it pays neither damages nor compensation, although it was concurrently negligent. Whether the District Court was correct in so ruling is the question presented by this appeal.

The right to exoneration from payment of compensation, which the United States claims here, depends entirely upon Section 27 of the Compensation Act; it

---

5. The first three days are excluded by the statute.

6. "Sec. 27. That if an injury or death for which compensation is payable under this Act is caused under circumstances creating a legal liability in some person other than the United States to pay damages therefor, and a beneficiary entitled to compensation from the United States for such injury or death receives, as a result of a suit brought by him or on his behalf, or as a result of a settlement made by him or on his behalf, any money or other property in satisfaction of the liability of such other person, such beneficiary shall, after deducting the costs of suit and a reasonable attorney's fee, apply the money or other property so received in the following manner:

"(A) If his compensation has been paid in whole or in part, he shall refund to the United States the amount of compensation which has been paid by the United States and credit any surplus upon future payments of compensation payable to him on account of the same injury. Any amount so refunded to the United States shall be placed to the credit of the employees' compensation fund.

"(B) If no compensation has been paid to him by the United States, he shall credit the money or other property so received upon any compensation payment payable to him by the United States, on account of the same injury."

7. See footnote 6.

cannot be derived from the law of torts. The literal language of Section 27 does indeed provide "That if an injury or death for which compensation is payable under this Act is caused under circumstances creating a legal liability in some person other than the United States to pay damages therefor," and if a compensation payee collects such damages, he shall refund therefrom the compensation paid by the United States. Its language must be construed, however, in the light of its background and subsequent legislative enactments.

In 1916, when Section 27 of the Compensation Act was written, the United States was not subject to tort liability and, therefore, was not legally liable to pay damages for the injury or death of an employee caused by its sole or concurrent negligence; payment of compensation for such injury or death was provided for as a matter of grace only. It seems clear to me that in writing Section 27, Congress did not foresee the passage of the Federal Tort Claims Act, and did not anticipate that there might be, as there is here, a binding judicial determination that the Government had been negligent. Had it anticipated such a situation, Congress surely would not have intended to say that in such event the United States should not only not be liable in damages but should even be excused from the payment of compensation. That would have been putting a premium on negligence, instead of a penalty.

The word "negligence" is not used in Section 27, which speaks only of "legal liability" to pay damages. The difference is significant. It shows, I think, that in adopting the Compensation Act, Congress clung to the doctrine of sovereign immunity: it provided that compensation paid as a matter of grace because of the injury or death of an employee must be repaid to it out of damages collected from one who was "legally liable" therefor.

This continued to be the policy of Congress until 1946, when for the first time it provided for a general relaxation of the doctrine of sovereign immunity by the passage of the Federal Tort Claims Act. That made it possible, without special permission, to sue the United States in tort. Thereafter the Government was "legally liable" to pay damages for the injury or death of an employee caused by its sole or concurrent negligence; because the payment of compensation had not then been made the exclusive remedy against the Government for the injury or death of an employee.[8]

After the Tort Claims enactment, in cases where, as here, the United States and another had been concurrently negligent in causing the injury or death of a Government employee, there was a choice of remedies: 1. a compensation claim against the United States and a suit for damages against the private tort-feasor; 2. suits for damages against the United States and the private tort-feasor.

Three years after the passage of the Tort Claims Act, and doubtless because of the situation I have just described, Congress amended the Compensation Act by adding thereto what is now Section 201(b),[9] which provides the liability of the United States under the Compensation Act with respect to the injury or death of an employee shall be exclusive.

As has been said, a compensation claim was already the only remedy against the Government for injury or death of an employee *not* caused by its negligence. So, Section 201(b) could only have been intended to withdraw the coverage of the Tort Claims Act in cases where a Government employee had been injured or killed because of the negligence of the United States, and to provide that in such cases of Government negligence the remedy should be compensation instead of damages.

8. Before the passage of the Tort Claims Act there was no occasion to provide in express terms that a compensation claim should be the exclusive remedy against the United States for negligently killing or injuring an employee, because there was no other remedy.

9. See footnote 3.

Having adopted the Tort Claims Act and given general permission to sue the United States for its torts, it is not to be supposed that Congress intended to discriminate against Government employees by withdrawing the Act's coverage as to them without providing a reasonably adequate substitute for the tort liability so withdrawn. I would hold, therefore, that the legislative intent in adopting Section 201(b) was to provide that in cases of Government negligence compensation was not being awarded as an act of grace, but in recognition of governmental responsibility. Hence the award of compensation was not to be defeated and repaid to the Government merely because damages had been paid by a private tort-feasor who had been concurrently negligent.

This means, of course, that Section 201(b) had the effect of making Section 27 inapplicable to cases in which the negligence of the United States had concurred with that of a private tort-feasor. Otherwise, the result would be that in cases like this one, the compensation paid by the Government in lieu of damages for its negligence must be repaid to it from damages collected from another who was concurrently negligent. Such an incongruous result would be contrary to the spirit of the Tort Claims Act, and of Section 201(b) which I think was intended to replace it, with respect to Government employees, with a provision for non-defeasible compensation.

Because of Section 201(b), the United States is again not "legally liable" for the injury or death of an employee caused by its negligence, but its legal liability to pay compensation therefor has been made absolute by that section, not subject to repayment from damages collected from another who was concurrently negligent. Accordingly, I would hold Section 27 should now be construed as though it read:

"That if an injury or death for which compensation is payable under this Act is caused by the sole negligence of some person other than the United States * * * compensation received must be repaid out of damages collected."

A literal interpretation of the section would lead to this inequitable result: the United States would be required to pay compensation for the death of an employee caused by its sole negligence, but would not be required to pay it if its negligence had concurred with that of another. I am unwilling to believe Congress so intended.

Under my view of the case, it might be suggested that the sum now in the registry of the District Court should be paid back to Eastern as a credit on the damages paid by it, that is, by way of contribution from the Government. Or it might be suggested that the sum held by the District Court should go to Mrs. Randall. I am not concerned with the ultimate disposition of the money except that I am convinced the United States is not entitled to it.

I do not believe the Pope & Talbot case [10] is applicable here. It involved the Longshoremen's and Harbor Workers' Act, 44 Stat. 1424, 33 U.S.C.A. § 901 et seq.—not the Federal Employees' Compensation Act. Section 33 of the former (33 U.S.C.A. § 933) differs from Section 27 of the latter. The Pope & Talbot opinion did not consider the question I am suggesting: that, because of subsequent legislation and changed legal relations caused thereby, Section 27 no longer has the meaning it had originally. Moreover, I note the Supreme Court said in the Pope & Talbot case, 346 U.S. at page 411, 74 S.Ct. at page 206, "Hawn has agreed to refund these [compensation] payments to his employer out of his Pope & Talbot recovery." In this case, Mrs. Randall made no such agreement, nor was it required by the statute.

I would hold the United States is not entitled to repayment of the compensation which it had paid to Mrs. Randall in lieu of damages for its negligence in causing her husband's death, and of course is not entitled to a lien on the damages paid by Eastern Air Lines.

10.  1953, 346 U.S. 406, 74 S.Ct. 202, 98 L. Ed. 143.