726 F.2d 516
 Stephen Arthur WARD and James Thomas Ward, minors, By and
Through their Guardian ad Litem, Lola Virginia WARD: Walter
Paul Ward; Charles Curtis Ward; Jennifer Lee Ward;
Melanie Lynn Terry; Evelyn R. Katshen, as the
Administratrix of the Estate of Edmond T. Katshen, deceased,
and Hughes Helicopter, a division of Summa Corporation,
Plaintiffs-Appellants,
v.
UNITED STATES of America, DEPARTMENT OF LABOR, Defendant-Appellee.
 No. 82-4707.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Decided Oct. 13, 1983.
Decided Feb. 21, 1984.
 
 Clinton H. Coddington, Daniel W. Winters, Randolph S. Hicks, Menlo Park, Cal., for plaintiffs-appellants.
 William B. Shubb, Asst. U.S. Atty., Sacramento, Cal., for defendant-appellee.
 Appeal from the District Court of the United States for the Eastern District of California.
 Before WALLACE, ALARCON and BOOCHEVER, Circuit Judges.
 BOOCHEVER, Circuit Judge:
 
 
 1
 This is an action for declaratory judgment. The heirs of two federal employees killed in the line of duty seek a ruling that the government is not entitled to reimbursement for benefits provided under the Federal Employees Compensation Act (FECA) from their settlement with a putative third party tortfeasor. The heirs contend that the government's right to reimbursement under 5 U.S.C. Sec. 8132 (1976) is conditioned upon a judicial finding of third party liability and an absence of government negligence. The heirs also contend that third party settlements must be individually examined to determine whether settlement was entered to cut off potential liability on the merits of a third party claim or for other reasons. The district court granted summary judgment for the government. We affirm.
 
 STANDARD OF REVIEW
 
 2
 In reviewing a grant of summary judgment, our task is identical to that of the trial court. State ex rel. Edwards v. Heimann, 633 F.2d 886, 888 n. 1 (9th Cir.1980). Viewing the evidence, de novo, in the light most favorable to the party against whom summary judgment is granted, we must determine whether the trial court correctly found that there was no genuine issue of material fact and that the moving party was entitled to judgment as a matter of law. Heiniger v. City of Phoenix, 625 F.2d 842, 843 (9th Cir.1980).
 
 FACTS
 
 3
 The two federal employees were killed in the crash of a Hughes helicopter. Their heirs claimed benefits under the FECA. The heirs also brought a third party action against Hughes in state court. The state trial court held for Hughes, finding the crash was caused by failure of other government employees to reinstall a main rotor retaining nut. Hughes then paid a settlement to the heirs, who agreed to forgo appealing the trial court judgment.
 
 DISCUSSION
 
 4
 * Need for a Judicial Finding of Third Party Liability
 
 
 5
 Section 8132 entitles the government to reimbursement when a FECA beneficiary recovers from a third party "as the result of suit or settlement." The heirs contend that operation of section 8132, which applies "under circumstances creating a legal liability" in a third party, is conditioned upon a judicial finding of third party liability. We disagree. Use of the word "settlement" indicates that section 8132 contemplates reimbursement in situations where there is no judicial finding regarding third party liability.
 
 II
 
 6
 Section 8132 Reimbursement When There is Government Negligence
 
 
 7
 The impact of government negligence upon its right to reimbursement under section 8132 has been considered by another circuit. Randall v. United States, 282 F.2d 287 (D.C.Cir.1960), cert. denied 365 U.S. 813, 81 S.Ct. 693, 5 L.Ed.2d 692 (1961). The Randall court held that the government was entitled to reimbursement regardless of the fact that an employee's death was caused in part by the negligence of a fellow government employee. We agree with the result and reasoning of the Randall court. Nothing in section 8132 suggests that the government's negligence is a factor affecting its right to reimbursement. See id. at 288.
 
 
 8
 Amendments to section 8132 following the Randall decision have made no change in the government's reimbursement right where it is negligent. See Pub.L. No. 89-488 Sec. 10(b), 80 Stat. 252, 255 (1966) (allowing beneficiary to retain one-fifth of third party recovery in addition to attorneys' fees); Pub.L. No. 93-416 Sec. 15, 88 Stat. 1143, 1147 (1974) (granting the government a lien on third party recoveries). Section 8132 was originally codified at 5 U.S.C. Sec. 777. In 1966 the entire Act was recodified and 5 U.S.C. Sec. 777 became 5 U.S.C. Sec. 8132. Pub.L. No. 89-554, 80 Stat. 378, 547 (1966). "Congress is presumed to be aware of ... judicial interpretation of a statute and to adopt that interpretation when it re-enacts a statute without change ...." Lorillard v. Pons, 434 U.S. 575, 580, 98 S.Ct. 866, 870, 55 L.Ed.2d 40 (1978) (citations omitted); Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Curran, 456 U.S. 353, 381-82 & n. 66, 102 S.Ct. 1825, 1840-1841 & n. 66, 72 L.Ed.2d 182 (1982); see Hillsboro National Bank v. Commissioner of Internal Revenue, --- U.S. ----, ----, 103 S.Ct. 1134, 1152, 75 L.Ed.2d 130 (1983); see generally Fein, The Court's Affront to the Constitution, National L.J. Sept. 12, 1983 (criticizing the Supreme Court's "legislative acquiescence" doctrine).
 
 
 9
 The California Supreme Court has reached an opposite result with respect to an employer's right to reimbursement under California's workers' compensation system. Roe v. Workmen's Compensation Appeals Board, 12 Cal.3d 884, 528 P.2d 771, 117 Cal.Rptr. 683 (1974) (en banc); Witt v. Jackson, 57 Cal.2d 57, 366 P.2d 641, 17 Cal.Rptr. 369 (1961) (en banc). This, however, is a minority position, and the reasoning and impact of the California decisions have been criticized. Larson, Workmens Compensation Law, Sec. 75.22-23 (1982). This is an area of federal law which calls for uniformity, because a federal employee's rights under the FECA should not depend upon where in the country he is located. In light of Randall we see no reason to create an inter-circuit conflict by adopting the California minority position.
 
 III
 
 10
 Inquiry Into Reasons for a Third Party Settlement
 
 
 11
 The heirs contend that the third party settlement was not entered because of Hughes' potential liability on the merits of their claim. They maintain the parties settled to avoid litigation expenses, provide fair compensation to the heirs and for other reasons purported to be unrelated to liability. The reasons propounded by parties for entering a third party settlement should have no bearing on the government's right to reimbursement under section 8132. Requiring inquiry into motives for settlement would provide too great an impetus for litigants to manipulate application of section 8132 by self-serving characterizations of their reasons for settlement.
 
 
 12
 Summary judgment in favor of the government is AFFIRMED.