Richard H. BRAZIL,
Plaintiff-Appellant,

v.

Louis O. GIUFFRIDA, Director, Federal
Emergency Management Agency, et
al. Defendants-Appellees.

No. 84–2138.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 13, 1985.

Decided June 19, 1985.

James Paul Green, San Francisco, Cal.,
for plaintiff-appellant.

Peter R. Maier, Washington, D.C., for
defendants-appellees.

Before WALLACE and POOLE, Circuit

Judges, and BREWSTER *, District Judge:

POOLE, Circuit Judge:

Richard H. Brazil brought an action in district court against the Federal Emergency Management Agency (Agency) and its director, Louis O. Giuffrida, seeking compensation for loss under a federal flood insurance policy. The district court granted the Agency's cross motion for summary judgment, finding that coverage under the policy had lapsed prior to the loss. For reasons set forth below, we affirm the district court's decision.

## FACTS AND PROCEEDINGS

Appellant Brazil carried flood insurance under the National Flood Insurance Program (Program) for a dwelling he owned. National Flood Insurance Act, 42 U.S.C. §§ 4001 *et seq.* The policy was the Standard Flood Insurance Policy, Dwelling Form (policy), which appears in its current version at 44 C.F.R. § 61, App. A(1) (1983). The applicable policy[1] provides, with respect to renewal that:

> The term of this policy commences on its inception date and ends on its expiration date, as shown on the "Declaration Page" which is attached to the policy. We are under no obligation to send you any renewal notice or other notice that your policy term is coming to an end and the receipt of any such notice by you shall not be deemed to be a waiver of this provision on our part.

47 Fed.Reg. 19142, 19146 ¶ G (1982) [an amended codification appears at 44 C.F.R. § 61, App. A(1) (1983)], and further that it would not be renewed nor would coverage continue into any successive policy term unless the premium payment for any such successive policy term is received by us at the National Flood Insurance Program (NFIP), prior to the expiration date of this policy * * * * The renewal premium payment shall be deemed to be

received by the NFIP if the renewal payment is mailed to the NFIP prior to the expiration date and is received by the NFIP prior to or within five (5) days following the expiration date or if the renewal payment is mailed by certified mail to the NFIP prior to the expiration date.

*Id.* Thus, where renewal was timely, continuous coverage would be provided without a gap.

Program regulations, incorporated by reference as conditions of the policy, 44 C.F.R. § 61.4(a)(1), also provide that renewal coverage becomes effective at 12:01 a.m. on the fifth calendar day after the Program receives payment. *See* 44 C.F.R. § 61.-11(c). But the Program offers a partial relaxation of this rule by providing a 30–day "open window" period during which a new policy may be issued bearing the former policy's number. This "open window" rule appears on the back of the "National Flood Insurance Expiration/Reissue Premium Notice" which is sent to policyholders before the expiration date of a policy. The notice states that:

> [i]f Part B of this notice or an application and premium payment are received by the NFIP after 5 days but within 30 days following the date and time of the expiration (expiration date plus 29 days), the new policy (bearing the former policy's number) is placed in force as of 12:01 a.m. of the date following receipt by the NFIP.

The Program therefore provides for issuance of new coverage to replace a recently expired policy effective at 12:01 a.m. on the day after physical receipt of premium payment, rather than five days after receipt.

The policy also protects mortgagees of insured property, provided that the mortgagee is named in the application and in

---

* Hon. Rudi M. Brewster of the Southern District of California, sitting by designation.

**1.** There is no disagreement between the parties concerning the policy in effect in December 1982, the policy set forth at 47 Fed.Reg. 19142

(1982). We are not presented with, nor do we decide whether another version of the Standard Flood Insurance Policy may apply. *Cf. Hanover Building Materials, Inc. v. Giuffrida,* 748 F.2d 1011, 1014–15 (5th Cir.1984).

the declaration attached to the policy. 44 C.F.R. § 61, App. A(1), Art. VIII, ¶ O. In the event of termination, a policy shall continue in force for the benefit of the mortgagee for 30 days following written notice to the mortgagee of the termination. After 30 days, the Program may terminate the policy entirely.

Brazil had maintained his flood insurance policy since 1974. The policy had lapsed once before in December 1980, due to failure to renew on time, and was reinstated on December 29, 1980, one day following receipt of his premium. Thereafter, Brazil renewed his policy in a timely fashion until December 1982.

The Agency claims that on November 14, 1982, it sent a notice that the policy was due to expire on December 29 along with a renewal form. December 29, 1982 passed without the Program receiving a premium to continue insurance coverage. The Agency also claims that on or about that date it sent Brazil a notice of expiration ("Expiration Notice/Reissue Premium Notice"). Brazil denies receiving either the November 14 or December 29 notices.

On or about January 24, 1983, Brazil mailed to the Agency a personal check as payment of his policy premium along with a renewal form attached to what the agency claims was his December 29 expiration notice. The Agency claims it received the notice and premium on January 27, 1983. Brazil denied that the Agency received the premium on that date but offered no evidence in rebuttal. The Agency reinstated coverage at 12:01 a.m. on the following day, January 28, 1983.

Brazil claims that on January 27, 1983, at approximately 11:00 a.m. the house covered by the policy sustained flood damage. On March 1, 1983, the Agency denied Brazil's claim for compensation on the grounds that the policy had lapsed and that coverage had not been reinstated until after the date of the loss.

On March 7, 1983, the Agency received a notice of loss filed by Ms. Bernadette Thompson, who claimed an interest as mortgagee in Brazil's property. The Agency denied her claim by letter on April 11, 1983.

Brazil then brought this action to recover for a claimed covered loss of $6,676.10. After a hearing on cross motions for summary judgment, the district court without opinion entered summary judgment for the Agency.

■ On appeal, Brazil contends that triable issues of material fact existed as to: (1) the effect that mailing the premium on January 24 had upon the existence of coverage on the date of the flood, January 27; (2) the failure of the Government to give notice of the policy's expiration;[2] and (3) the effect of the policy's mortgagee clause.[3]

## DISCUSSION

### I. *Applicable Law*

Brazil relied extensively on California law to support his legal arguments. The district court stated that federal law was controlling. We have not heretofore been called upon to decide which law, federal or state, applies in suits involving federal flood insurance. Other circuits have held that federal law generally controls in this

---

**2.** We reject Brazil's claim that his duty to pay is excused by the alleged failure of the Agency to send him renewal premium and termination notices. The Agency is under no obligation to provide notice of renewal to a policyholder, *Gurevitch v. National Flood Insurance Program,* 1984 Fire & Casualty Cas. (CCH) 525, 526 (N.D. Cal. September 2, 1983), nor was there any such obligation under the policy.

**3.** We also find without merit Brazil's claim of entitlement to the benefits of the mortgagee clause. Brazil failed to name Ms. Thompson,

the alleged mortgagee, in both the application and policy renewal declarations, as required by the policy. Policy, Art. VIII ¶ O. Further, the "Notice of Loss" sent to the Agency failed to indicate the existence of a mortgage on the insured property. Since Brazil failed to name Thompson as a mortgagee, Thompson would not be able to recover under the policy. Brazil would therefore be unable to derivatively assert any claim of Thompson under the mortgagee clause.

area. *Hanover Building Materials v. Guiffrida,* 748 F.2d 1011, 1013 (5th Cir. 1984); *Atlas Pallet Inc. v. Gallagher,* 725 F.2d 131, 135 (1st Cir.1984); *Mason Drug Co. v. Harris,* 597 F.2d 886, 887 (5th Cir. 1979); *West v. Harris,* 573 F.2d 873, 881 (5th Cir.1978), *cert. denied,* 440 U.S. 946, 99 S.Ct. 1424, 59 L.Ed.2d 635 (1979). In *West,* the court stated:

> Since the flood insurance program is a child of Congress, conceived to achieve policies which are national in scope, and since the federal government participates extensively in the program both in a supervisory capacity and financially, it is clear that the interest in uniformity of decision present in this case mandates the application of federal law.

*West,* 573 F.2d at 881. We find this reasoning persuasive.

■ In creating the Program, Congress did not intend to abrogate standard insurance law principles. *See Hanover Building Materials,* 748 F.2d at 1013; *Drewett v. Aetna Casualty & Surety Co.,* 539 F.2d 496, 497–98 (5th Cir.1976). Thus, we hold that federal law controls the interpretation of the policy in issue, recognizing that neither the statutory nor decisional law of any particular state is controlling, but that we shall apply the " 'traditional common-law technique of decision' by drawing upon standard insurance law principles." *West v. Harris,* 573 F.2d at 881.

## II. *Summary Judgment*

### A. *Standard of Review*

■ We review a grant of summary judgment *de novo. Lojek v. Thomas,* 716 F.2d 675, 677 (9th Cir.1983). Viewing the evidence in the light most favorable to the party against whom summary judgment is to be granted, we must determine whether there is any genuine issue of material fact and whether the prevailing party is entitled to judgment as a matter of law. *Ward By*

*and Through Ward v. United States Department of Labor,* 726 F.2d 516, 517 (9th Cir.1984). The reviewing court also reviews *de novo* interpretations of an insurance policy made by the district court. *Insurance Co. of North America v. Howard,* 679 F.2d 147, 150 (9th Cir.1982).

### B. *The Effect of the January 24 Mailing*

Brazil contends that coverage should have been deemed effective on January 24, the date he mailed the premium; therefore, he argues, he was covered for the January 27 loss. He relies on the "mailbox rule," which provides that a contract becomes complete once an offeree has deposited his acceptance in the mail. Restatement (Second) Contracts § 63 (1981). The policy, however, did not state that coverage would become effective upon mailing of the premium.[4] As the December 29 expiration notice stated, the policy would become effective again one day after the date of receipt if the premium payment was made during the 30–day "open window" period.

■ Payment of a premium after an insurance policy has expired due to nonpayment does not serve to effect coverage for a loss sustained during default and prior to payment. Couch on Insurance 2d (Rev. ed.) § 32:85 (1985). While we have not previously considered the issue of flood insurance coverage upon the lapse of a policy, several district courts have held that a loss occurring after expiration and before renewal will not be covered. *Glisson v. Director of FEMA,* 1984 Fire & Casualty Cas. (CCH) 833, 834 (S.D.Ala. March 25, 1983); *Cooper v. National Flood Insurance Program,* 1984 Fire and Casualty Cas. (CCH) 1423, 1424 (S.D.Ala. February 9, 1983); *see Gurevitch v. National Flood Insurance Program,* 1984 Fire & Casualty Cas. (CCH) 525, 526 (N.D.Cal. September 2, 1983) (despite Program's failure to give

---

4. The date of mailing is only relevant as to the existence of coverage where the renewal premium payment is mailed to the Program prior to the expiration date and is received by the Program prior to or within five days following the expiration date or if the renewal payment is mailed by certified mail to the Program prior to the expiration date. Policy, 44 C.F.R. Part 61, App. A(1), Art. VII, ¶ G (Policy Renewal).

notice, insured not entitled to compensation for losses sustained after coverage lapsed due to nonrenewal of premium). We think this reasoning is sound.

 Therefore, we hold that Brazil's loss on January 27 was not covered even though his payment was received on that same day. This is because by its terms, the renewal did not become effective until the day after the date of receipt, that is, on January 28. In its answer to an interrogatory from Brazil, the Agency stated that it received the payment on January 27. Brazil disputes that fact but has suggested no evidence to support his position. Under Fed.R.Civ.P. 56(c), summary judgment is warranted where there is no genuine issue of material fact. Brazil has not met his burden of establishing that a genuine factual issue exists.

The district court correctly interpreted the policy and held that the loss was not covered. We therefore affirm the grant of summary judgment for the Agency.

AFFIRMED.