**TRANSAMERICAN OFFICE FURNI-TURE, Permanent Plants, and Main Street Furniture, Inc., Plaintiffs,**

v.

**TRAVELERS PROPERTY & CASUALTY and HENRY S. LEHR, INC., Defendants.**

No. CIV.A. 00–CV–810.

United States District Court, E.D. Pennsylvania.

Sept. 19, 2002.

Derek Braslow, L. Arsinoe Shook, Sherman, Silverstein, Kohl, Rose and Rodolsky, P.A., Pennsauken, NJ, for Plaintiffs.

Daniel D. Krebbs, Marshall, Dennehey, Warner, Coleman & Goggin, Philadelphia, PA, Gerald J. Nielsen, Thomas C. Pennebaker, Nielsen Law Firm, L.L.C., Metair-

ie, LA, for Defendant Travelers Property & Casualty.

Joseph P. Connor, Paoli, PA, for Defendant Henry S. Lehr, Inc.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

Presently before the Court is the Motion for Summary Judgment of Defendant, Travelers Property & Casualty ("Travelers" or "Defendant"). In this case, Plaintiffs, Transamerican Office Furniture, Permanent Plants, and Main Street Furniture, Inc. ("Plaintiffs"), brought a breach of contract/negligence claim against Travelers claiming that Travelers did not comply with the standard flood insurance policy issued under the National Flood Insurance Program. For the reasons that follow, the Court will grant summary judgment.

## BACKGROUND

Defendant Travelers participates in the National Flood Insurance Program ("NFIP") as a private insurer acting as a fiscal agent for the United States Treasury to adjust and pay flood insurance claims for covered losses. The Federal Emergency Management Agency ("FEMA") administers the NFIP and authorizes private insurers to issue a Standard Flood Insurance Policy ("SFIP"), the terms of which are codified by FEMA regulations. 44 C.F.R. pt. 61, Appendix A(2) (1998).

Travelers issued three separate SFIPs covering three buildings located in Philadelphia, PA at 3800 Main Street, 3901 Main Street, and 4001 Main Street, respectively. It is undisputed that the only property at issue in this Motion for Summary Judgment is 3800 Main Street. Travelers issued a SFIP to Plaintiff Transamerican Office Furniture as the named insured providing coverage for 3800 Main Street from June 20, 1998 to June 20, 1999. Travelers asserts that it sent out a computer generated renewal notice to Transamerican in April 1999 at the address listed on the application. Plaintiff contends that it never received a policy renewal notice, and in fact, was unaware that the policy had lapsed until approximately one week before the September 16, 1999 flood. Plaintiff has asserted a claim that Travelers breached its duty contained in the insurance policy agreement by failing to send or improperly sending a renewal notice.

Travelers now moves for summary judgment, claiming that there are no issues of material fact and that Travelers owed no duty to send Plaintiffs any notice regarding renewal.

## DISCUSSION

### I.  Legal Standard

In deciding a motion for summary judgment under Fed.R.Civ.P. 56(c), a court must determine "whether there is a genuine issue of material fact and, if not, whether the moving party is entitled to judgment as a matter of law." *Medical Protective Co. v. Watkins*, 198 F.3d 100, 103 (3d Cir.1999) (internal citation omitted). When making this determination, courts should view the facts, and reasonable inferences drawn therefrom, in the light most favorable to the non-moving party. *See, e.g., Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). For its part, the non-moving party must, through affidavits, admissions, depositions, or other evidence, demonstrate that a genuine issue exists for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In making its showing, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts," *id.* at 586, 106 S.Ct. 1348, and must produce more than a "mere scintilla of evidence in its favor" to withstand summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct.

2505, 91 L.Ed.2d 202 (1986). If the non-moving party fails to create "sufficient disagreement to require submission [of the evidence] to a jury," the moving party is entitled to judgment as a matter of law. *Liberty Lobby,* 477 U.S. at 251–52, 106 S.Ct. 2505.

## II. *Plaintiffs' Breach of Contract/Negligence Claim*.

Section 61.4 of FEMA's NFIP regulations states that, "All flood insurance made available under the [National Flood Insurance] Program is subject...to the terms and conditions of the Standard Flood Insurance Policy...." 44 C.F.R. ch. I, § 61.4 (1998). As a private insurer participating in the NFIP, Travelers can only issue a SFIP, the terms and conditions of which cannot be varied without express written consent by the Federal Insurance Administrator. *See* 44 C.F.R. ch. I, § 61.13(d).

It is well settled that federal common law governs the interpretation of the SFIP and we utilize "standard insurance law principles" to construe the SFIP. *Linder & Assoc., Inc. v. Aetna Cas. & Sur. Co.,* 166 F.3d 547, 550 (3d Cir.1999) (citations omitted). Since insurance policies are considered contracts and contract interpretation is generally a question of law, we apply ordinary principles of contract law. *See Da Cunha v. Standard Fire Ins. Co./Aetna Flood Ins. Program,* 129 F.3d 581, 584–85 (11th Cir.1997). Guided by these principles, we interpret the SFIP in accordance with its plain, unambiguous meaning. *Linder,* 166 F.3d at 550. Although ambiguities in the policy are strictly construed against the insurer, we give effect to the "[c]lear policy language," and avoid "tortur[ing] the language to create ambiguities." *Selko v. Home Ins. Co.,* 139 F.3d 146, 152 n. 3 (3d Cir.1998) (quotations omitted). "If the policy is susceptible to two constructions, however, we will adopt the one more favorable to the insured." *Linder,* 166 F.3d at 550; *see Aschenbrenner v. United States Fid. & Guar. Co.,* 292 U.S. 80, 84–85, 54 S.Ct. 590, 78 L.Ed. 1137 (1934).

This Court finds that there are no genuine issues of material fact. Plaintiffs contend that there exists a genuine issue of material fact, however, the interpretation of this insurance policy is a question of law and not of fact. The issue before us is whether Travelers has a duty to send a renewal notice or any notice that a policy is about to expire.

Defendant relies on Article 8, section F of the SFIP form for general property which states:

Policy Renewal: The term of this policy commences on its inception date and ends on its expiration date, as shown on the declarations page which is attached to the policy. The Insurer is under no obligation to:

1. Send the Insured any renewal notice or other notice that the policy term is coming to an end and the receipt of any such notice by the Insured shall not be deemed to be a waiver of this provision on the Insurer's part.

We find that the SFIP at issue is clear and unambiguous. It is clear from the plain meaning of section F that the insurer, Travelers, is under no obligation to send any renewal notice to the insured, Plaintiffs. Plaintiffs argue that they never received a renewal notice and that they were notified of the expired policy approximately a week before the flood. According to the terms of the SFIP, Travelers did not have a duty to send a renewal notice or to notify Plaintiffs of the expiring policy. Furthermore, a belated receipt of a notice does not constitute a waiver of section F. While this Court or Circuit has not ruled specifically on the issue of an

insurer's duty to notify, other courts have determined that under similar circumstances, the insurer has no duty to notify the insured under the SFIP. *E.g., Brazil v. Giuffrida,* 763 F.2d 1072, 1074 n. 2 (9th Cir.1985); *Callahan v. Bankers Ins. Group,* No. 96–1882, 1997 WL 194650, *3, 1997 U.S. Dist. LEXIS 5677, at *9 (E.D.La. Apr. 21, 1997).

Because there was no policy in place at the time of the flood, we need not address whether Plaintiffs were required to file a proof of loss for the 3800 Main Street property. Since the Court finds that there are no genuine issues of material fact and that Travelers were not required to send a renewal notification as a matter of law, the Court GRANTS defendant Travelers' Motion for Summary Judgment.

### CONCLUSION

An appropriate Order follows.

### *ORDER*

AND NOW, this 19th day of September, 2002, upon consideration of the Defendant Travelers' Motion for Summary Judgment and Plaintiffs' response thereto, it is hereby ORDERED that, for the reasons set forth in the accompanying Memorandum, the Motion is GRANTED.