**MONTESSORI CHILDREN'S HOUSE AND SCHOOL, INC., et al., Plaintiffs,**

v.

**SECRETARY OF LABOR OF the UNITED STATES, Defendant.**

Civ. A. No. CA–3–75–0559–D.

United States District Court, N. D. Texas, Dallas Division.

Nov. 29, 1977.

Eugenio Cazorla, Dallas, Tex., for plaintiffs.

Martha Jo Stroud, Asst. U. S. Atty., Dallas, Tex., for defendant.

## MEMORANDUM OPINION AND ORDER

ROBERT M. HILL, District Judge.

The motion for summary judgment filed by Plaintiffs, Montessori Children's House and School, Inc., and Hester A. Sookoor, and the motion to dismiss, or, alternatively, for summary judgment, filed by Defendant, Secretary of Labor of the United States, came on for consideration before the Honorable Robert M. Hill, United States District Judge. The court has considered the motions and the supporting and opposing briefs and is of the opinion that the Plaintiffs' motion should be sustained and the Defendant's motion should be overruled.

Plaintiff, Montessori Children's House and School, Inc., hereinafter referred to as "Montessori School," and Plaintiff, Hester A. Sookoor, hereinafter referred to as "Sookoor," filed this suit challenging the decision of the Regional Manpower Administrator, United States Department of Labor, denying Plaintiffs' application for alien employment certification pursuant to Section 212(a)(14) of the Immigration and Nationality Act. Plaintiffs seek review of this administrative decision pursuant to 28 U.S.C. § 2201 and the Administrative Procedure Act, 5 U.S.C. § 706. Plaintiffs ask this court to declare the Secretary's denial of the application for alien certification void as an arbitrary abuse of discretion, either in fact or in law, and request this court to direct the Secretary to issue Montessori School an alien employment certification for Sookoor.

### I.

The factual history of the present suit is prolix. Montessori School operates a school for children ages 2½ through 12 specializing in the Montessori method of teaching. Montessori School is affiliated with Association Montessori International, hereinafter referred to as "AMI," a multinational institution governing Montessori schools worldwide and setting standards for all AMI accredited schools and diplomaed teachers. Under present rules a school affiliated with AMI may lose its accreditation by employing teachers lacking an AMI diploma.

Sookoor is a native and citizen of Sri Lanka (formerly Ceylon) who possesses the following educational background: (1) she graduated from high school in May of 1967; (2) she completed a two year Montessori training course at the Good Shepherd Montessori Training Center, Sri Lanka, where she obtained her A.M.I. diploma in 1969; (3) she taught for two years under the Montessori method at the Montessori House of Children, St. Lawrence's Convent, Sri Lanka, and (4) she has an Associate A.T.C.L. degree from Trinity College of London in the fields of speech and drama.

On August 29, 1972, Sookoor entered the United States as a non-immigrant exchange visitor under an employment contract with Montessori. Since her arrival, Sookoor has continuously taught pre-school children at Montessori School under the Montessori method.

Montessori wishes to employ Sookoor on a permanent basis. Accordingly, on February 12, 1975, Montessori School filed an application for alien employment certification with the United States Department of Labor for the benefit of Sookoor[1] alleging

1. Employment certification is required of all aliens who desire to permanently remain in the United States for the purpose of employment pursuant to Section 212(a)(14) of the Immigration and Nationality Act [8 U.S.C. 1182(a)(14)]. This section provides in part:

that it had been unable to locate an employee suitable for its needs and purposes through recruitment at several Montessori training centers. During this recruiting period, Montessori School listed as its minimum requirements for a teacher a certificate issued by AMI.

On February 26, 1975, the Certifying Officer, Manpower Administration, U. S. Department of Labor, denied Montessori School's application on two grounds: (1) there was an availability of qualified United States workers to fill the teaching position and (2) the restrictive employer job requirement of Montessori training precluded the consideration of all other educators and thus adversely affected workers in the United States similarly employed.

Plaintiffs applied for a reconsideration of the denial pursuant to 29 C.F.R. § 60.4 (1976). Before submitting a brief in support of reconsideration, Plaintiffs placed a formal job offer with the Texas Employment Commission requesting a pre-school teacher with an AMI diploma. Also prior to submitting a brief, Plaintiffs requested from the Secretary of Labor substantiation for the Department's charge of availability.

In reply to the request for substantiation, the Secretary furnished Plaintiffs with a copy of the Texas Labor Supply Bulletin of the Texas Employment Commission for the period of February 15, 1975, to March 14, 1975. This bulletin showed numerous elementary, secondary and university level teachers who might be willing to instruct in the Montessori School, but none of those listed was qualified as a kindergarten or pre-school teacher.

In response to Montessori School's formal job offer placed with the Texas Employment Commission, Montessori School received a letter from Mr. Sam Hollabaugh, Manager, Job Bank, Texas Employment Commission, stating that no teachers of the required qualifications could be found. This response was included in Plaintiffs' brief to the Department of Labor.

On reconsideration Plaintiffs' application denial was affirmed. The reviewing officer stated:

"Information provided by Texas Employment Commission shows that there are more than 100 individuals able, willing and available to perform the duties of the position offered the alien."

"The AMI certification requirement is unduly restrictive, adverse to the interests of otherwise qualified U.S. workers, and not within the Secretary of Labor's jurisdiction." The AMI standards are not subject to governmental review, approval or regulation.

Plaintiffs having exhausted their administrative remedies, instituted this action.

On July 25, 1975, on joint motion of the parties, this Court remanded the case back to the Secretary of Labor for further administrative action.

On August 5, 1975, the Plaintiffs by letter through their attorney informed the Secretary of Labor that Montessori School was willing to pay Sookoor $9,100.00 for the teaching year 1975–1976. This salary was the minimum prevailing wage, as authorized by the Texas Legislature, for teachers at the entrance level for the same teaching year.

The record also reflects an inter-office memorandum from the Regional Solicitor of the Department of Labor to the Certifying Officer reviewing Plaintiffs' case dated August 5, 1975, which states that the Secretary had agreed pursuant to the deci-

(a) Except as otherwise provided in this chapter, the following classes of aliens shall be ineligible to receive visas and shall be excluded from admission into the United States:
(14) Aliens seeking to enter the United States, for the purpose of performing skilled or unskilled labor, unless the Secretary of Labor has determined and certified to the Secretary of State and to the Attorney General that (A) there are not sufficient workers in the United States who are able, willing, qualified, and available at the time of application for a visa and admission to the United States and at the place to which the alien is destined to perform such skilled or unskilled labor, and (B) the employment of such aliens will not adversely affect the wages and working conditions of the workers in the United States similarly employed. . . .

sion of *Ratnayake, et al v. Mack,* 499 F.2d 1207 (8th Cir. 1974) that "a requirement for a certain amount of Montessori training or experience may be a reasonable job requirement . . . ." The certifying officer was directed to review Plaintiffs' application in the light of whether there was any kindergarten teachers with Montessori training and/or experience who were able, willing, qualified and available to fulfill the employment position offered by Montessori School.

On August 25, 1975, the Secretary again denied the certification. This time the certifying officer stated that there were qualified Montessori teachers available, able and willing to relocate to the Dallas area to teach in the Montessori School for the wage offer of $9,100.00 per year. A list of twelve Montessori training centers accompanied the denial letter. None of the schools listed were in the Dallas area or even in the State of Texas. The letter also stated that if Plaintiffs could present evidence rebutting the availability of teachers from the sources listed, the Secretary would again reconsider the denial of the alien labor certification.

Plaintiffs through their lawyer contacted all of the suggested training schools. In attempting to recruit a teacher, Montessori School dropped its requirement for an AMI certification and specified instead a pre-school Montessori teacher with two years of training and two years of experience. From this search four prospective teachers were recommended. Of these four only one perspective employee made application for the position. All of the prospective teachers were found to be unacceptable by Montessori School because they lacked the requisite training or experience or both.

On October 8, 1975, Plaintiffs again requested reconsideration of the denial of certification for Sookoor. The accompanying brief and exhibits fully set out Plaintiffs contact with all of the Secretary's suggested schools and Montessori School's attempts to recruit from these sources.

On November 11, 1975, the Secretary again denied Plaintiffs' request for certification. The denial was predicated by three factors: (1) Plaintiff School's requirements, i. e. two years of training and two years of experience, were too restrictive in that these requirements were the same as the requirements for an AMI diploma; (2) the wage offer of Plaintiff School was below the prevailing rate, i. e. $9,100.00 per instruction year and (3) there were three sources for trained Montessori method instructors in Dallas, Texas, including El Centro College and the University of Plano, none of which Montessori School had contacted.

On November 21, 1975, Plaintiffs requested that the administrative record be supplemented and filed again with the Court.

However, on January 30, 1976, the Secretary informed the Plaintiffs that a reconsideration of the denial would again be granted if the Plaintiffs would present evidence rebutting the availability of Montessori trained teachers from El Centro College and/or the University of Plano.

On February 6, 1976, Plaintiffs, through their attorney sent letters to both of the listed potential sources of available Montessori teachers requesting information about the availability of any graduates for immediate employment. The Plaintiffs contend and the record reflects that the University of Plano did not answer the Plaintiffs' inquiry. El Centro responded by letter of its Director of Community Services, Mr. Ray Witherspoon. El Centro replied that it had a two year class work program with a nine month internship requirement after the completion of the class work and that, "At this time we do not have graduates available. Our first intern program will be completed in May or June, 1976." [2]

On February 23, 1976, the Plaintiffs again requested reconsideration of the Secretary's denial of their application for certification. The information obtained from El Centro College and the non-response of the University of Plano were both communicated to the reviewing officer.

---

**2.** Letter dated February 17, 1976, from Mr. Ray Witherspoon, Director of Community Services, El Centro College to Mr. Eugenio Carzola, 1309 Main St., Dallas, Texas.

In making this final review Mr. John Diggins, the Reviewing Officer for the Secretary of Labor, made an independent inquiry to El Centro and on March 23, 1976, received a response from Mr. Ray Witherspoon indicating that Mr. Witherspoon had answered the Plaintiff inquiries concerning the availability of Montessori trained graduates with the understanding that Montessori School was only interested in certified AMI graduates. Mr. Witherspoon stated that although El Centro had no one with such qualifications, El Centro did have fourteen candidates who had completed all courses offered by it and therefore had two years of training, but who had not completed the additional internship required by the American Montessori Society for certification.

On the basis of Mr. Witherspoon's response, the Secretary affirmed its denial of Plaintiffs' application. This affirmance again emphasized that the Plaintiffs' employee requirements, i. e. two years of training and two years of experience, were unduly restrictive and precluded consideration of otherwise qualified U.S. workers.

Plaintiffs' judicial appeal from this final administrative denial is now before this Court.

## II.

■ The dispositive issue before this court is whether the Secretary of Labor's decision in denying Plaintiffs an employment certification was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. Section 706(2)(A). There is no dispute as to the court's authority to review a decision of the Secretary of Labor made pursuant to 8 U.S.C. § 1182(a)(14),[3] nor is there any question that the Plaintiffs here have standing to seek such a judicial review.[4] Assuming the position that the Secretary's decision commands the presumption of regularity, the court is empowered to make a thorough review of the Secretary's findings to deter-

mine whether the Secretary's decision had been a clear error of judgment. *Citizens to Preserve Overton Park v. Volpe,* 401 U.S. 402, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971).

Before such a determination can be made in this case, two issues must be decided by this court: (1) which party has the initial burden of proving the factual requirements necessary for the issuance or non-issuance of an employment certification, and (2) when are an employer's stated job requirements too restrictive in the context of § 1182(a)(14).

### Burden of Proof

The court's initial decision must be to determine which side is to carry the burden of proving, either negatively or positively, the two factors required by § 1182(a)(14) before an employment certification can issue, i. e. (1) that there are not sufficient domestic workers who are able, willing, qualified and available for employment commensurate with the applicant's skills and (2) that the applicant's employment will not have an adverse effect on the wages and working condition of domestic employees similarly employed.

In *Pesikoff v. Secretary of Labor,* 163 U.S.App.D.C. 197, 501 F.2d 757 (1974), the D.C. Circuit considered § 1182 and the requisite burden of proof in detail and concluded that the Secretary should not be required to investigate all possible avenues to discover qualified personnel for the business in question before refusing to grant certification. The court determined that once the Secretary has concluded from a survey of the general labor market data readily available to him that there is a pool of qualified potential workers available to perform the job the alien seeks, the burden then shifts to the alien or his prospective employer to prove that a qualified American worker can not be found for the position offered.

■ This court believes that the D.C. Circuit's analysis of this aspect of § 1182 is correct and adopts its reasoning on the issue

**3.** *Reddy, Inc. v. United States Department of Labor,* 492 F.2d 538, 543 (5th Cir.1974).

**4.** Id.

of the burden of proof with the following clarification: the Secretary must make an initial showing of potential workers who are qualified to perform the job the alien seeks and who are available to work at the locality where the alien is destined to perform the required skilled labor. Once this is done it is incumbent upon the alien to rebut such a showing before certification can be granted. See *Reddy, Inc. v. U. S. Department of Labor,* supra at 544.

### Reasonable Job Requirements

■ Section 1182 requires that before an employment certification can be issued domestic workers who are qualified for the job sought by the alien be unavailable for employment. In certification cases, therefore, it is a prerequisite before reaching the question of whether domestic workers are qualified for the job to determine what job is at issue and what skill qualifications are necessary for the job. In many cases, as in the one at hand, the prospective employer will have established employment criteria for the job in question. When he has, the issue becomes whether such criteria will stand in determining qualified applicants or whether such criteria will be considered too restrictive and unduly eliminative of domestic workers to be a determinative factor in issuing employment certification.

■ In this court's opinion an employer has the right to set reasonable job qualifications for his prospective employees. The employer is most critically aware of the credentials required to fill a particular job for the best interests of this business as a whole. As stated by the First Circuit, "just as the Secretary quite correctly argues that he should not be put in the position of running an employment office and have to recruit workers for various industries, so also, he should not have the privilege of determining the qualifications of any particular applicant for the job to be filled." *Digilab, Inc. v. Secretary of Labor,* 495 F.2d 323, 326 (1st Cir. 1974). See also *Ratnayake v. Mack,* 499 F.2d 1207, 1212 (8th Cir. 1974).

In the present case the Secretary has consistently argued that Montessori School's hiring requirements of two years of Montessori training and two years of teaching experience in the Montessori method are unduly restrictive. In reviewing the record this court finds no evidence to support the Secretary's argument.

■ In order for employment qualifications to be challenged, the Secretary must be able to demonstrate from the record that the prospective employer is attempting to tailor his requirements to exclude all but the alien applicant, or that the employer's specific requirements are irrelevant to the performance of the basic job in question, or that there is evidence of unreasonableness on the employer's part in establishing the particular requirements he has set up for the job in question. To require less would allow the Department of Labor to dictate employment needs and qualifications to all businesses attempting to hire from outside the domestic work force.

In the instant case there is no evidence that Montessori School has been unreasonable in the creation of its hiring requirements, or that Montessori School has created its job requirements to specially fit Sookoor, or that Montessori School's job requirements are not necessary to the performance of teaching Montessori pre-school. The Secretary's sole argument for unreasonableness is that Montessori School's requirements are unduly restrictive in that they are the same requirements a teacher must have in order to obtain an AMI diploma and such requirements are per se too restrictive and unreasonable. The court finds this argument unconvincing.

In *Ratnayake v. Mack,* 499 F.2d 1207 (8th Cir. 1974), the Eighth Circuit discussed the reasonable job requirements for a Montessori teacher. Although the Court found the requirement of AMI diploma to be too restrictive, the Court specifically held that it was reasonable for a Montessori school to establish job qualifications that require all applicants to have the equivalent of training required by AMI or American Montessori Society, hereinafter referred to as "AMS," training centers. *Ratnayake v. Mack, supra* at 1212.

Montessori School has abandoned the requirement that an applicant have an AMI certificate or even specific AMI training. It is willing to accept the application of anyone who has "comparable or superior training" with an AMI or AMS trainee. In *Ratnayake* this same requirement was found by the Eighth Circuit to be a reasonable one and this court adopts that finding.

### Denial of Certification

Applying the court's analyses on the issues of burden of proof and reasonable job requirements to the facts at hand, the court finds that the Secretary has at no time during the administrative process sustained the initial burden of demonstrating that in Sookoor's area of expertise there is an availability of American workers in the Dallas regional area who are apparently qualified to perform the job offered by Montessori School. Each of the four denials of certification will be discussed separately.

### A.

In denying Plaintiffs' original application for certification, the Secretary through his certifying officer cited two grounds for denying certification: (1) availability of qualified United States workers, and (2) unduly restrictive job requirements. The issue of the reasonableness of Montessori School's job requirements has previously been discussed. In substantiation of the claim of availability the Secretary produced the Texas Labor Supply Bulletin for the applicable period which listed over one hundred school teachers potentially available to teach; however, none of the teachers listed were described as kindergarten or pre-school level teachers nor as qualified Montessori teachers.

The necessity of the Secretary showing that there are workers with similar qualifications as the applicant who are potentially available for the job offered has been recognized universally by the courts as essential in the denial of an employment certification. *Reddy, Inc. v. United States Department of Labor,* 492 F.2d 538 (5th Cir. 1974); *First Girl, Inc. v. Regional Manpower Administrator,* 499 F.2d 122 (7th Cir. 1974); *Ratnayake v. Mack,* 499 F.2d 1207 (8th Cir. 1974); *SEO v. U. S. Department of Labor,* 523 F.2d 10 (9th Cir. 1975); *Yusuf v. Regional Manpower Administrator of U. S. Department of Labor,* 390 F.Supp. 292 (W.D.Va.1975).[5] A mere showing that there is a surplus of unemployed American teachers in the locality of Montessori School does not also satisfy the dual requirement that the available workers are as qualified as the alien applicant.

### B.

The Secretary's second denial of Plaintiffs' employment certification came on Plaintiffs' request for reconsideration of the initial denial. The Secretary cited as the reason for the second denial that there were qualified Montessori teachers available in the United States to perform the job offered. Specifically, the Secretary stated that there were qualified Montessori teachers living in various areas of the United States that were willing to relocate in the Dallas area to teach at Montessori School.

The certifying officer for the Secretary of Labor reached this conclusion after writing twelve Montessori teacher colleges located throughout the United States and inquiring about the availability of Montessori teachers who would be willing to relocate in the Dallas area. Of the twelve colleges contacted, six replied. Nine potential candidates with two years experience and training were available for relocation in Dallas. However, none of the colleges were over one hundred American workers who were registered to perform the type of work for which certification was sought. In the instant case the job in question requires a specially trained, skilled worker for which there were no listings with the Texas Employment Commission.

---

**5.** The only case to allow the Secretary to rely on merely citing general date supplied by an employment commission is *Pesikoff v. Secretary of Labor, supra.* However, that case can be readily distinguished on its facts. In the *Pesikoff* case the court was concerned with a job offer requiring unskilled labor and there

608

contacted by the certifying officer were in the Dallas area nor even in the Southwest region. The closest college was located in St. Louis, Missouri.

██ These actions by the Secretary did not conform with the minimal statutory requirements of § 1182. Any showing of available qualified workers able to perform the designated job must be made from personnel in the area in which the alien applicant intends to reside. See *Reddy, Inc. v. United States Department of Labor, supra.* To base a certification denial on the statement that there are workers in the United States who might possibly relocate in Dallas is to base the denial on insufficient data and is an abuse of discretion.

██ Even if the Secretary could be said to have met his initial burden of a general showing of availability, the Plaintiffs have rebutted such a showing. Plaintiffs have conclusively established there were no available Montessori, kindergarten school teachers with the minimum qualifications requested by Montessori School at the time Plaintiffs made application for certification.[6]

### C.

The Secretary's third denial of Plaintiffs' employment certification came after Plaintiffs had submitted all of their rebutting evidence and requested a second reconsideration of the Secretary's initial denial. After reconsideration the Secretary cited three reasons for denial: (1) Montessori School's job requirements were unduly restrictive; (2) Montessori School's offering salary was below the prevailing wage of workers performing similar work in the Dallas area and as such certification of Plaintiff Sookoor would "adversely affect

the wages and working conditions of the workers in the United States similarly employed . . . .";[7] (3) Montessori School had failed to contact or attempt to recruit from three schools in the Dallas area who offered Montessori training and teaching experience.

Reason number one, that Montessori School's job requirements were unduly restrictive, has been discussed previously and found to be an insufficient ground for denial of certification.

██ Reason number two, that Plaintiff School was offering a wage which fell below the prevailing wage of $9,100 for the same occupation in the Dallas area, was based upon an incorrect comparative standard. As enumerated in *Ratnayake v. Mack, supra* at 1213–1214, in comparing wages to determine if any adverse effect will result to American workers similarly employed, the "Secretary must compare the proposed wage offer with the prevailing wage scale of other employees who perform the specific job applied for by the alien." In assessing any possible adverse effect, the Secretary should have compared the wage offered by Montessori School with the wages of other Montessori pre-school teachers in the Dallas area. It was an abuse of discretion to do otherwise. *Golabek v. Regional Manpower Administration,* 329 F.Supp. 892 (E.D.Pa.1971).

██ Even if the Secretary's comparative standard could be found sufficient, the record contains a letter from Montessori School through its attorney, Mr. Cazorla, offering to pay Sookoor $9,100 for the teaching year 1975–1976.[8] The sufficiency of the proposed wage to be paid by Montessori School should never have been brought into issue.

6. See the court's earlier discussion of the factual history of this case. Plaintiffs contacted all twelve Montessori teaching schools listed by the Secretary as potential sources for Montessori teachers. Only four Montessori teachers were discovered who might wish to relocate to Dallas and of them only one teacher actually applied for a position. None of the possible candidates had the requisite qualifications established by Montessori School.

7. 8 U.S.C. § 1182(a)(14)(B). See note 1, supra.

8. Letter dated August 5, 1975, from Mr. Eugenio Cazorla to Mr. Troy Cargill, Certifying Officer of the Manpower Administration of the U.S. Dept. of Labor.

Reason number three, that there were three sources in the Dallas area for Montessori instructors from which Montessori School had not attempted to recruit, is also an insufficient ground for denial. The mere listing of potential sources from which an employer might hire the qualified employee he is seeking does not fulfill even the general burden the secretary must initially sustain in denying an employment certification application. The recitation of three schools, one of which was never named, not only fails to show qualified workers available to perform the job offered by the employer, it fails to show *any* workers available to perform regardless of their qualification. The Secretary's action was capricious and an abuse of discretion.

### D.

The Secretary's fourth denial of certification centered on the issue of job qualifications. Plaintiffs' final attempt to rebut any showing by the Secretary that qualified American workers were potentially available required them to send letters to the two schools specifically named by the Secretary, El Centro College and the University of Plano. As detailed earlier, El Centro was the only institution to answer the Plaintiffs' inquiry and that answer was that there were no graduates presently available. This correspondence was reported to the Secretary with a final request for certification.

Such request was denied when the Secretary's certifying officer made additional inquiries of El Centro and learned that El Centro had fourteen students who had completed all Montessori training courses offered by the school but who had not completed the additional internship required by AMS for certification and who had no teaching experience. The Secretary reasoned that these students were qualified to work for Montessori School provided Montessori School did not cling to its unduly restrictive requirements of two years of training and two years of teaching experience.

As has been previously discussed this court finds Montessori School's job requirements to be reasonable, not unduly restrictive. Further, although there is evidence to prove that as of the time of Plaintiffs' application there were fourteen individuals who had completed minimal training in the Montessori program at El Centro, the record is totally devoid of any glimmer of availability of these touted candidates to perform the job offered by Montessori School.

In four hearings of the Plaintiffs' cause the Secretary has failed to demonstrate that potentially there are qualified American employees available for the job in question. Therefore, the Secretary should have issued Montessori School an alien employment certification for the benefit of Sookoor. In failing to do so this court finds that the Secretary abused his discretion.

In holding that the Secretary has abused his discretion in this matter, the court is forced to decide whether to order the Secretary to issue a certificate or to remand the case back to the Secretary for further proceedings. See *Secretary of Labor v. Farino,* 490 F.2d 885 (7th Cir. 1973). Although in most instances the better procedure is to remand, in the present case the record convincingly shows that the Secretary should have issued the certificate long ago. It would be inequitable to force the Plaintiffs to await another administrative decision. The case is hereby remanded to the Secretary with instructions to grant certification without delay. 5 U.S.C. § 706.

It is so ORDERED.