Wellington Y. KWAN,
Plaintiff-Appellant,

v.

Raymond J. DONOVAN, Secretary of
Labor, United States Department of
Labor, Defendant-Appellee.

No. 84–6558.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 8, 1985.
Decided Nov. 26, 1985.

Wellington Y. Kwan, pro se.

Carolyn M. Reynolds, Asst. U.S. Atty.,
Los Angeles, Cal., for defendant-appellee.

Before BROWNING, KENNEDY, and
HUG, Circuit Judges.

HUG, Circuit Judge:

Wellington Y. Kwan ("Kwan") appeals
from the order of summary judgment en-
tered in favor of the then-Secretary of La-
bor, Raymond J. Donovan ("Secretary"),

affirming the Department of Labor's ("Department") denial of labor certification.

## FACTS

Shelly Yunn-Ching Wann ("Wann") is a citizen of Taiwan, Republic of China, who entered the United States on a student visa. Since December, 1980, Wann has been employed by Kwan as a bilingual bookkeeper/clerk. Kwan is a sole practitioner in Los Angeles, specializing in immigration law. Seventy percent of Kwan's clients are Chinese. Wann's time at work is equally divided between her bookkeeping responsibilities and various secretarial functions, including answering the telephone and translating documents from Chinese to English.

On June 26, 1981, Kwan filed an application for alien employment certification with the Department on behalf of Wann, which was denied on April 7, 1983 by the Department's certifying officer. The certifying officer determined that the job opportunity requirements were not justified by a business necessity, and that the combination of duties was not logical and was unduly restrictive for the job opportunity. Kwan made a timely request for administrative review pursuant to 20 C.F.R. § 656.26(e). Under that regulation, the administrative law judge ("ALJ") reviews the denial of the labor certification on the basis of record, the request for review, and any legal briefs submitted. The ALJ reviewed the record and affirmed the denial of labor certification. On May 14, 1984, Kwan filed a complaint, seeking declaratory and injunctive relief and judicial review of the administrative decision. On October 24, 1984, summary judgment was entered in favor of the Secretary, affirming the denial of the labor certification. This appeal ensued.

## STANDARD OF REVIEW

In reviewing the propriety of a grant of summary judgment, our task is identical to that of the trial court. *Ward By & Through Ward v. United States Department of Labor*, 726 F.2d 516, 517 (9th Cir.1984). That is, we must view the evidence and inferences *de novo*, in the light most favorable to the non-moving party, in this instance, Kwan, to determine whether the trial court correctly found that there was no genuine issue of material fact and that the moving party, here the Secretary, was entitled to judgment as a matter of law. *Id.*

The district court and this court can reverse the Secretary's denial of alien employment certification decision only if the decision is found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A) (1982); *Seo v. United States Department of Labor*, 523 F.2d 10, 12 (9th Cir.1975); *Walker v. Navajo-Hopi Indian Relocation Commission*, 728 F.2d 1276, 1278 (9th Cir.), *cert. denied*, —— U.S. ——, 105 S.Ct. 298, 83 L.Ed.2d 233 (1984). Traditionally, an agency's interpretation of its own regulation is entitled to a high degree of deference. *Sierra Club v. Clark*, 756 F.2d 686, 690 (9th Cir.1985); *Hawaiian Electric Co. v. EPA*, 723 F.2d 1440, 1447 (9th Cir.1984).

Under the arbitrary and capricious standard, the reviewing court is limited to deciding "whether there has been a clear error of judgment by the agency and whether the agency action was based upon a consideration of relevant factors." *Nance v. Environmental Protection Agency*, 645 F.2d 701, 705 (9th Cir.), *cert. denied*, 454 U.S. 1081, 102 S.Ct. 635, 70 L.Ed.2d 615 (1981). The scope of review under the arbitrary and capricious standard is limited, and a court may not substitute its judgment for that of the agency. *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 416, 91 S.Ct. 814, 823, 28 L.Ed.2d 136 (1971).

## DISCUSSION

Section 212(a)(14) of the Immigration and Nationality Act (the "Act"), 8 U.S.C. § 1182(a)(14) (1982), provides for the exclusion of aliens seeking permanent employment unless the Secretary determines that (1) there are not sufficient workers

who are able, willing, qualified, and available at the time of application for a visa and (2) the employment of such aliens will not adversely affect the wages and working conditions of the workers in the United States similarly employed.[1] The labor certification requirement was incorporated in the Act to prevent "an influx of aliens entering the United States for the purpose of performing skilled or unskilled labor where the economy of individual localities is not capable of absorbing them at the time they desire to enter the country." *Cheung v. Immigration and Naturalization Service,* 641 F.2d 666, 669 (9th Cir. 1980) (quoting H.R.Rep. No. 1365, 82d Cong., 2d Sess., *reprinted in* 1952 U.S. Code Cong. & Ad.News 1653, 1705).

The Secretary has promulgated regulations that require the employer, as a prerequisite to certification, to conduct a systematic recruitment of domestic workers. 20 C.F.R. Part 656 (1981). An employer seeking labor certification must actively recruit domestic workers in the manner prescribed in the regulations in order to test the domestic labor market.[2] If this recruitment is unsuccessful and the regulations have been complied with, certification is granted.

In addition to the recruitment requirements, the employer must comply with 20 C.F.R. § 656.21(b)(2)(i)(A)–(C).

(2) The employer shall document that the job opportunity has been and is being described without unduly restrictive job requirements:

(i) The job opportunity's requirements, unless adequately documented as arising from business necessity:

(A) Shall be those normally required for the job in the United States;

(B) Shall be those defined for the job in the *Dictionary of Occupational Titles* (D.O.T.) including those for subclasses of jobs;

(C) Shall not include requirements for a language other than English.

20 C.F.R. § 656.21(b)(2)(ii) specifically provides that if the job opportunity involves a combination of duties, such as in the instant case, the job opportunity must be shown to be based on a business necessity.

(ii) If the job opportunity involves a combination of duties, for example engineer-pilot, the employer must document that it has normally employed persons for that combination of duties and/or workers customarily perform the combination of duties in the area of intended employment, and or [sic] the combination job opportunity is based on a business necessity.

■ The certifying officer found, and the ALJ agreed, that the employer had failed to provide any satisfactory justification for requiring the combination of duties or the language capabilities. It was determined that the employee's combination of job skills was only for the convenience and

---

1. Section 212(a)(14) of the Act states as follows:

    (14) Aliens seeking to enter the United States, for the purpose of performing skilled or unskilled labor, unless the Secretary of Labor has determined and certified to the Secretary of State and the Attorney General that (A) there are not sufficient workers who are able, willing, qualified (or equally qualified in the case of aliens who are members of the teaching profession or who have exceptional ability in the sciences or the arts), and available at the time of application for a visa and admission to the United States and at the place where the alien is to perform such skilled or unskilled labor, and (B) the employment of such aliens will not adversely affect the wages and working conditions of the workers in the United States similarly employed. The exclusion of aliens under this paragraph shall apply to preference immigrant aliens described in section 1153(a)(3) and (6) of this title, and to non-preference immigrant aliens described in section 1153(a)(7) of this title[.]

2. Under 20 C.F.R. § 656.21(a) and (b)(1) (1981), before permanently hiring an alien, the employer must show that he recruited United States workers at the prevailing wage and under the prevailing working conditions through the public employment service and by other reasonable means. Kwan placed advertisements in local English and Chinese newspapers for a bilingual bookkeeper/clerk, and also posted notices for the same with the Department and the Employment Development Department of the State of California. There were no qualified applicants.

personal preference of the employer, and not a business necessity. The certifying officer stated:

> The fact that the employer already has other individuals performing translation tasks demonstrates that he has an alternative means to perform these duties. While it may be advantageous to have a bookkeeper perform part-time secretarial and translation duties, it is clearly not a business necessity, but rather an employer preference or convenience. It is not the job of a bookkeeper to perform translation duties and hence precludes the referral of qualified U.S. workers.

The Secretary's determination that the job combination did not arise from a business necessity was not arbitrary or capricious or an abuse of discretion and was consistent with applicable law.

Kwan complains that the Secretary applied an incorrect and inconsistent legal standard in interpreting the words "business necessity," in the regulation, and should have, instead, applied a reasonableness test in assessing Kwan's employment needs. The Secretary's interpretation of the regulation is reasonable and consistent with the statute. The fact that administrative law judges within the Department of Labor may have employed inconsistent interpretations of business necessity prior to the promulgation of the Secretary's interpretation is irrelevant. With the great deference we accord an agency's interpretation of its own regulations, we must reject Kwan's argument. *See Industrial Holographics, Inc. v. Donovan*, 722 F.2d 1362, 1366–67 (7th Cir.1983).

AFFIRMED.