**ASHBROOK–SIMON–HARTLEY and David Charles Niblett, Plaintiffs–Appellees,**

v.

**Ann McLAUGHLIN, Secretary of Labor, et al., Defendants–Appellants.**

No. 88–2130.

United States Court of Appeals, Fifth Circuit.

Jan. 20, 1989.

---

**412**

Jonathan H. Waxman, Washington, D.C., Keith E. Wyatt, Frank A. Conforti, Asst. U.S. Attys., Henry K. Oncken, U.S. Atty., Houston, Tex., for defendants-appellants.

Harry Gee, Jr., Hebert Gee, Houston, Tex., for plaintiffs-appellees.

Before GEE, SNEED * and WILLIAMS, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

Appellant United States Department of Labor (DOL) denied the application of appellees, the Ashbrook–Simon–Hartley Company (ASH) and David Niblett, for alien employment certification under 8 U.S.C. § 1182(a)(14) (1982). ASH and Niblett unsuccessfully pursued an administrative appeal, and then sought review of the DOL's decision in federal district court. The district court granted summary judgment for ASH and Niblett, concluding that the DOL abused its discretion in denying ASH's application for alien labor certification. We affirm the decision of the district court but modify the scope of its remand.

### I. *Background*

#### A. *Statutory and Regulatory Scheme*

The Immigration and Nationality Act vests the authority to grant or deny applications for alien employment certification with the Secretary of the Department of Labor. Under the statute, aliens seeking to immigrate for the purpose of employment are ineligible to receive visas unless:

> the Secretary of Labor has determined and certified to the Secretary of State and the Attorney General that (A) there are not sufficient [U.S.] workers who are able, willing, qualified ..., and available at the time of application ..., and (B) the employment of such aliens will not adversely affect the wages and working conditions of the workers in the United States similarly employed.

8 U.S.C. § 1182(a)(14) (1982). These provisions obviously create a statutory preference for the employment of "U.S. workers," *i.e.* persons who are citizens or are permanent resident aliens. *Pesikoff v. Secretary of Labor*, 501 F.2d 757, 761–62 (D.C. Cir.), *cert. denied*, 419 U.S. 1038, 95 S.Ct. 525, 42 L.Ed.2d 315 (1974).

The DOL has adopted regulations governing the alien employment certification process. An employer seeking certification for an alien employee must actively recruit U.S. workers to fill the position held by the alien. The employer must file an application for alien employment certification which describes the job opportunity without unduly restrictive requirements, 20 C.F.R. § 656.21(b)(2) (1988), and represents the employer's actual minimum requirements for the job. 20 C.F.R. § 656.21(b)(6). The employer must also meet various requirements in conducting a search for qualified U.S. workers to fill the position. 20 C.F.R. § 656.21(b)(1)–(b)(5). If U.S. workers respond to these recruitment efforts and are not hired, the employer must document that they were rejected solely for lawful, job-related reasons. 20 C.F.R. § 656.21(b)(7).

#### B. *Facts*

Appellee ASH is a United States company engaged in the design, development, and manufacture of wastewater and sewage equipment. Appellee David Niblett is a citizen of England and a legal non-immigrant, non-permanent resident alien. Niblett had been employed by ASH for about two years before ASH filed an application

---

* Circuit Judge of the Ninth Circuit, sitting by designation.

for alien employment certification on his behalf. At the time of the application, he served in ASH's engineering department in Houston, Texas, as a Coplastix design/development engineer supervisor.

Pursuant to the governing regulations, ASH attempted to find a qualified U.S. worker to fill the position held by Niblett. In its application for alien employment certification and all subsequent advertisements for the position, ASH gave a detailed description of the duties of the job.[1] In short, the job involved the design and development of wastewater and sewage treatment equipment, using such materials as plastics, resins, and adhesives. ASH stated in its application that the minimum education, training, and experience required for the position was two years' experience in the job offered or four years' experience as a mechanical design engineer.[2]

In the course of searching for domestic workers to fill the position, ASH received applications from two U.S. workers who met the minimum requirement of four years' experience as a mechanical design engineer. One of these applicants, Shmuel Harari, is a naturalized citizen. The second, Jay Andampour, is a permanent resident alien. After interviewing Mr. Harari and Mr. Andampour, ASH rejected both workers because they had no experience in the field of wastewater and sewage treatment and no knowledge or expertise in working with plastics, resins, and adhesives.

### C. Prior Proceedings

The DOL certifying officer (CO) denied ASH's application for alien employment certification on behalf of Mr. Niblett.[3] The CO noted that both Mr. Harari and Mr. Andampour possessed four years' general experience as mechanical design engineers. Because ASH had stated that this was an acceptable level of experience, the CO determined that ASH provided no lawful, job-related reason for rejecting the applicants, as is required by 20 C.F.R. § 656.21(b)(7).

The administrative law judge (ALJ) upheld the CO's denial of alien labor certification.[4] The ALJ accepted ASH's argument that Mr. Harari, the U.S. citizen, was not qualified for the job because he had limited

---

1. ASH described the job duties as follows: "Supervises and conducts analytical studies on proposals for design and development of all Coplastix range of equipment utilizing and applying sluice gate and valve experience, especially where operating requirements are unusually high; keeps abreast of all new materials, particularly plastics, resins, and adhesives; be knowledgeable in the advantages and disadvantages of each rigid plastic available; carry out tests of new resins, adhesives, plastics, etc. in an effort to replace the many imported materials and products with U.S. equivalents; works with outside vendors to obtain alternate suppliers of materials and to try out new materials being introduced to the market to reduce material costs; analyzes data to determine feasibility of product proposal; be knowledgeable in computer programming and writing technical software; oversees total standardization of the Coplastix range of products and to achieve a computerized program for design, manufacturing, and costing of the products; consults and gives lectures, as needed, to prospective clients and assists marketing personnel with any technical assistance which may be needed to obtain a contract; produces specification sheets and catalog information; produces engineering drawings/specifications/material lists, etc. for client submittal or produc-

tion information as required; work will require domestic and international travel."

This job description was included in notices posted on ASH's premises and at the Texas Employment Commission, and in all advertisements for the position.

2. The application form promulgated by the DOL provides small boxes for the employer to list a certain number of years of education, training, and experience as "minimum requirements." In filling out these boxes, the employer is instructed to "state in detail the minimum education, training, and experience for a worker to perform satisfactorily the job duties described in item 13 above." Thus, the application explicitly ties the minimum experience requirements to the duties of the job.

3. The Secretary of Labor has delegated the authority to grant or deny applications for alien labor certification to regional certifying officers. 20 C.F.R. § 656.24 (1988).

4. At the time of the denial of ASH's application, an administrative appeal was taken to a single administrative law judge. Now the denial of an application for alien labor certification is reviewed by the Board of Alien Labor Certification Appeals. 20 C.F.R. §§ 656.26 and 656.27 (1988) (revised April, 1987).

proficiency in English.[5] The ALJ found, however, that ASH had no job-related reason for rejecting the application of Mr. Andampour, despite the fact that Mr. Andampour had no experience in the wastewater and sewage industry or in working with plastics and resins.[6] The judge emphasized that Mr. Andampour possessed four years' experience as a mechanical design engineer, and thus met the minimum experience requirement as stated by ASH. Having found this requirement to be met, he did not consider other job duties listed by ASH. The ALJ ruled that the rejection of Mr. Andampour for a lack of specific experience in the wastewater industry was the equivalent of adding requirements to the position after it had been advertised.

ASH then brought this action in federal district court to review the DOL's denial of alien labor certification. In an unpublished memorandum opinion, the court granted summary judgment for ASH. The court concluded that the DOL abused its discretion in failing to determine whether a mechanical design engineer with four years' experience could have performed the job duties listed. The court also found it was an abuse of discretion to refuse to consider the intent of the prospective employer. The court ruled that the DOL must take into account all evidence as to the qualifications of the workers and the requirements of a particular job in question when making a determination on an application for alien labor certification. It remanded to the ALJ for further proceedings in accordance with its opinion. The DOL appeals.

## II. *Standard of Review*

 A federal court can reverse the DOL's denial of an employment certification only if the decision is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A) (1982); *Medellin v. Bustos*, 854

F.2d 795, 799 (5th Cir.1988); *Montessori Children's House and School, Inc. v. Secretary of Labor*, 443 F.Supp. 599, 605 (N.D.Tex.1977). Moreover, an agency's interpretation of its own regulations is entitled to a high degree of deference. *Kwan v. Donovan*, 777 F.2d 479, 480 (9th Cir. 1985). A reviewing court will consider whether there has been a clear error of judgment by the agency and whether the agency action was based on the consideration of all relevant factors, but the court may not substitute its own judgment for that of the agency. *Id.*, (citing *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 416, 91 S.Ct. 814, 823–24, 28 L.Ed. 2d 136 (1971)).

## III. *The Denial of ASH's Application for Alien Labor Certification*

The DOL argues that it correctly denied ASH's application for alien employment certification because ASH failed to provide a lawful, job-related reason for its rejection of Mr. Andampour. The Department focuses exclusively on the fact that ASH stated that four years as a mechanical design engineer was an acceptable level of education and training for the position of Coplastix design/development engineer supervisor. The DOL contends that because ASH represented that a person with this experience could fill the job, ASH's rejection of Mr. Andampour was impermissible.

The DOL might prevail in this argument if the four years' minimum experience requirement was the only relevant part of ASH's application for alien labor certification. What the DOL ignores, however, is that ASH *did* include experience in the wastewater treatment industry when describing the duties of the job. We conclude that the DOL's refusal to take into account the job duties listed on ASH's application for alien labor certification is an abuse of

---

5. In the description of job duties found in its application, ASH had noted that the job included supervising other engineers and lecturing to clients.

6. Mr. Andampour's major field of concentration was the design of energy systems. His mechanical design experience was in energy conservation projects, oil-field equipment, cooling and heating systems, and energy recovery systems. His resume stated that he was seeking "a challenging position in the field of thermal analysis."

discretion which requires reversal of the DOL's decision.

## A. *Internal Inconsistency*

One key problem with the DOL's denial of ASH's application for alien employment certification is that the decision is internally inconsistent. The ALJ determined that ASH had a legitimate, job-related reason for refusing to hire Mr. Harari. Harari met the requirement of four years' general experience as a mechnical design engineer, but was rejected in part because of his poor English skills. Proficiency in English was not listed as a "minimum job requirement" on ASH's application. The ALJ nevertheless accepted that English skills were a prerequisite for the job because the job duties stated that the Coplastix design engineer would have to lecture to clients and communicate with employees.[7]

At the same time, the ALJ determined that ASH did not have a legitimate, job-related reason for rejecting Mr. Andampour, although he lacked experience in the wastewater industry and in working with plastics and resins. Precisely the same as proficiency in English, these skills were clearly incorporated into the described job duties but were not explicitly listed as a minimum job requirement. In short, in addition to the minimum experience requirement, the ALJ accepted the inability to perform job duties listed as a legitimate reason for rejecting Mr. Harari, but not Mr. Andampour. We cannot accept this contradictory analysis as a sound and reasoned exercise of the discretion vested in the agency.

## B. *Refusal to Consider Relevant Information*

The DOL's refusal to consider the job duties listed by the employer is also inconsistent with the governing statutes and regulations. The statute provides that aliens seeking permanent employment are to be excluded unless the Secretary of La-bor has determined that "there are not sufficient workers who are *able,* willing, qualified ..., and available" for the position. 8 U.S.C. § 1182(a)(14) (1982) (emphasis added). The regulations promulgated by the DOL state that the certifying officer who grants or denies the application for alien employment certification "shall consider a U.S. worker able and qualified for the job opportunity if the worker, by education, training, experience, or a combination thereof, is able to perform in the normally accepted manner the duties involved in the occupation as customarily performed by other U.S. workers similarly employed...." 20 C.F.R. § 656.24(b)(2)(ii) (1988). These provisions suggest that the duties of the job and the ability of the U.S. applicant to perform these duties are a necessary consideration for the DOL.

In addition, the application itself, which is a form promulgated by the DOL, gives no indication that the minimum job requirements listed by the employer will be the only factor considered by the DOL in determining whether an employer has a valid reason for rejecting a domestic worker. The minimum job requirements section of the form simply provides small boxes for listing the number of years of formal education and training the employer requires. This space on the application makes explicit reference to the job duties—the employer is instructed to state "the minimum education, training, and experience for a worker *to perform satisfactorily the job duties described in item 13 above.* " (emphasis added) Thus, the application form itself, like the governing statutes and regulations, clearly contemplates that the DOL will consider the ability of the U.S. worker applicants to perform the job as described by the employer.

■ We conclude that the DOL cannot properly narrow its inquiry to the single question of whether the U.S. worker appli-

---

7. Specifically, the ALJ concluded that:

Mr. Harari's difficulty speaking English would preclude him from being able to give lectures to prospective clients. If Mr. Harari were unable to give lectures to prospective clients, he would be unable to perform all of the stated job duties. The Employer has documented why Mr. Harari could not perform the stated job duties; thus, I find that the Certifying Officer erred in finding Mr. Harari to be qualified for the position.

cant has a certain number of years of education, training, or experience, as it has done in this case. This approach is inconsistent with the governing statutes and regulations, which require the DOL to inquire whether a domestic applicant is able to perform the job duties. *E.g.* 20 C.F.R. § 656.24(b)(2)(ii). The logical pursuit of the DOL's argument would hold a mechanical engineer experienced in designing automobiles competent to design aircraft. So also an engineer skilled in oil drilling and production to design and build a flood control and power generating dam. Indeed, in this case the DOL refused to even consider whether Mr. Andampour's specialized experience in energy conservation and thermal analysis was at all relevant to ASH's need for an engineer who could design wastewater and sewage treatment equipment. They simply relied on the single fact that he had four years' experience as a "mechanical design engineer."

Thus, it is clear that the DOL must consider all relevant factors in its decision to grant or deny an application for alien labor certification. *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. at 416, 91 S.Ct. at 824; *Motor Vehicle Manufacturers Assoc. v. State Farm Mutual Auto Insurance Co.*, 463 U.S. 29, 43, 103 S.Ct. 2856, 2866–67, 77 L.Ed.2d 443 (1983). Under the existing regulatory scheme, the job duties listed by the employer are clearly a relevant factor which the DOL must take into account.

■ We have determined that the DOL abused its discretion because it failed to consider the job duties listed by ASH when determining whether ASH had a legitimate reason for rejecting U.S. workers. We make clear, however, that we do not intend to limit severely the discretion of the department nor require more of the DOL than the governing statutes or regulations. Accordingly, we reject statements by the district court which suggest that the DOL must make a wide-ranging inquiry into matters not revealed in the application for alien employment certification, including "the intent of the prospective employer." The DOL's error in this case is limiting its inquiry to a single box on the application for alien labor certification and ignoring the rest of the information supplied on its own form. We conclude that the statutory scheme and the administrative responsibilities placed upon the DOL require it to consider all relevant information on the application, including the job duties listed by the employer. We do not require the DOL to assess the employer's intent or make any inquiry about the nature of the job beyond the four corners of the application for alien employment certification.

■ In addition, our decision does not preclude the DOL from weighing the various factors listed in the application and assessing the credibility of the employer's statements. It is well-settled that an employer cannot define the job so narrowly that only the current alien employee can meet the stated job requirements. Hence, it is within the discretion of the Secretary of Labor to determine that certain listed job requirements or duties are unduly restrictive or irrelevant to the basic job which the employer desires to be performed. 20 C.F.R. § 656.21(b)(2); *Pesikoff v. Secretary of Labor*, 501 F.2d at 762 (DOL can disregard employer's personal preference for a live-in maid). *See also Acupuncture Center of Washington v. Dunlop*, 543 F.2d 852, 860 (D.C.Cir.), *cert. denied*, 429 U.S. 818, 97 S.Ct. 62, 50 L.Ed.2d 78 (1976) (finding too restrictive an employer preference that translator speak three dialects of Chinese and have familiarity with medical terms). The DOL can also discount job requirements listed by the employer which constitute skills that the current alien employee did not possess when she was hired, or which can be acquired during a reasonable period of on-the-job training. *Pancho Villa Restaurant v. United States Department of Labor*, 796 F.2d 596 (2nd Cir.1986) (employer preference for a cook with one year's experience preparing Mexican food).

Our opinion is in no way intended to undermine these principles. We simply hold that the DOL cannot flatly ignore the job duties listed by the employer when determining whether the employer has a job-related reason for rejecting a domestic

applicant.[8] On the remand ordered by the district court, the DOL must take into account the duties listed on ASH's job application, but is not precluded from determining that these requirements are unduly restrictive.

## IV. *Conclusion*

■ The DOL has argued that ASH had no job-related reason for rejecting a U.S. worker applicant for lack of specific experience in the area of water and wastewater treatment. Experience in wastewater treatment and in working with plastic and resins was, however, clearly incorporated in the job duties listed on ASH's application for alien employment certification. We hold that these duties are a relevant factor which the DOL must take into account under the governing statutes and regulations. The DOL abused its discretion in refusing to consider this portion of ASH's application.

While we require the DOL to consider the entire application for alien employment certification, the department need not make any inquiry beyond the four corners of that document. Moreover, the DOL is not precluded from determining that the minimum requirements or job duties as stated by the employer are unduly restrictive.

We decline ASH's invitation to render judgment requiring the DOL to grant its application. Instead, we affirm the disposition of the district court reversing the denial of ASH's application and remanding to the agency.

AFFIRMED.

---

**8.** We are confident that the requirement that the DOL consider the job duties listed by the employer is not an unreasonable limitation upon the discretion of the Secretary of the Labor. Indeed, in several recent administrative decisions, the DOL's own adjudicative officers have held that "the job duties set forth [in the application for alien labor certification] must be considered part of the minimum requirements qualifying the applicant for the position." *In re Crowe Electrical Corporation,* 82–INA–246, 4 ILCR 1–172 (Oct. 20, 1982). *See also In re*

*Strachan Shipping Co.,* 84–INA–640, 6 ILCR 1–1083 (Nov. 1, 1984); *In re American Heart Assoc.,* 83–INA–431, 5 ILCR 1–367 (Oct. 27, 1983); *In re Moshe Safdie & Assoc.,* 81–INA–206, 2 ILCR 1–954 (July 9, 1981).

We recognize that these decisions are not binding on a reviewing court. We simply cite them in response to the DOL's argument that any decision in favor of ASH would seriously undermine longstanding agency practices and place unconscionable limits on the discretion of the DOL.