BULK FARMS, INC., Plaintiff–
Appellant,

v.

Lynn MARTIN,* Secretary of Labor,
Defendant–Appellee.

No. 91–15393.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 17, 1992.

Decided May 8, 1992.

Donald L. Ungar, Simmons, Ungar, Hel-
bush & Steinberg, San Francisco, Cal., for
plaintiff-appellant.

Scott Glabman, Office of the Sol., U.S.
Dept. of Labor, Washington, D.C., Alberto
E. Gonzalez, Sp. Asst. U.S. Atty., San Fran-
cisco, Cal., for defendant-appellee.

Before: SCHROEDER, LEAVY and
RYMER, Circuit Judges.

SCHROEDER, Circuit Judge:

Bulk Farms, Inc., a California based
manufacturer of Dutch-style cheese, ap-
peals the district court's grant of summary
judgment in favor of the Secretary of La-
bor. Bulk Farms sought labor certification
for its president, sole shareholder and chief
cheesemaker, Wouter Bulk, a citizen of the
Netherlands. On appeal, Bulk Farms chal-
lenges the Secretary's determination that
Wouter Bulk has no genuine employment

* Lynn Martin is substituted for her predecessor,
Elizabeth H. Dole, as Secretary of Labor. Fed.

R.App.P. 43(c)(1).

relationship with Bulk Farms, as required by 20 C.F.R. § 656.50, and argues that the certification requirements violate the statutory mandate set out in section 212 of the Immigration and Nationality Act, 8 U.S.C. § 1182(a).

■ Section 212(a)(14) of the Immigration and Nationality Act requires the exclusion of aliens seeking to enter the United States to work unless the Secretary of Labor certifies that:

(A) there are not sufficient workers who are able, willing, qualified ... and available at the time of application for a visa and admission to the United States and at the place where the alien is to perform such skilled or unskilled labor, and (B) the employment of such aliens will not adversely affect the wages and working conditions of the workers in the United States similarly employed....

8 U.S.C. § 1182(a)(14). Under the regulatory scheme which implements the Act, an employer may seek labor certification for a particular position. The employer's certification application must reflect that the employer systematically attempted to recruit domestic workers in the manner described by the regulations. 20 C.F.R. § 656.21. Under the regulations an employer must make a good faith test of U.S. worker availability. If the regulations are complied with, and no qualified American worker applies, the Secretary will grant certification. *Kwan v. Donovan*, 777 F.2d 479, 481 (9th Cir.1985); *see* 20 C.F.R. part 656 (1981).

In this case Bulk Farms, a California corporation, submitted an application for alien employment certification on behalf of its president and driving force, Wouter Bulk. Bulk Farms' application asked the Department to certify, in accordance with 8 U.S.C. § 1182(a)(14), that there was a shortage of "able, willing, qualified ... and available" U.S. workers for the position of cheesemaker at Bulk Farms, and that Wouter Bulk's employment would not "adversely affect" the wages and working conditions of similarly employed U.S. citizens. If granted, the labor certification would have brought Wouter Bulk one step closer

to permanent resident status. 20 C.F.R. § 656.20(a).

Bulk Farms had, as required by the regulations, advertised the "cheese-maker" position. Additionally, Bulk Farms certified in the labor certification application that the job opportunity was, and had been, clearly open to any qualified U.S. worker. Two people responded to the advertisement, but neither knew anything about cheese making.

Certification was denied because the certifying officer found, inter alia, that the job advertised by Bulk Farms was not clearly open to U.S. citizens and that no genuine employment relationship existed between Wouter Bulk and an independent employer as required by 20 C.F.R. § 656.50. Section 656.20(c)(8) of the implementing regulations allows certification only if a "job opportunity" is clearly open to qualified U.S. workers. A "job opportunity" means a "job open for employment," and "employment" is defined as "permanent full-time work by an employee for an employer other than oneself." 20 C.F.R. § 656.50. It is not seriously disputed that Bulk Farms' reliance on the skill, energy, talent, and resources of Wouter Bulk is so great that without him the corporation would cease to exist. As the district court noted, "Wouter Bulk is Bulk Farms." For this reason, the certifying officer correctly concluded that no genuine employment relationship exists between Wouter Bulk and Bulk Farms. *See Modular Container Systems*, 89–INA–228, 1991 BALCA Oct. 24, 1989 (en banc) (listing factors to be considered in assessing validity of employment relationship); *Hall v. McLaughlin*, 864 F.2d 868, 875 (D.C.Cir.1989) (certification is appropriate only where employing corporation is not a "sham," and is "separable" from alien employee seeking position).

In this appeal there is no serious question that under the applicable regulation, certification was properly denied. The appellant does, however, challenge the validity of the regulation, contending that its requirement that a genuine employment relationship exist, and its corollary exclusion of self-employed applicants, are contrary to

the purpose of section 212(a) of the Immigration and Nationality Act. The Appellant argues that Congress intended that if there are no U.S. workers available for a particular job, then whether the job is one clearly open to a qualified U.S. worker, as required by the challenged regulation, is irrelevant.

 The legislative history and the structure of the statutory scheme demonstrate, however, that the regulation does serve important ends Congress sought to secure by enactment of this statute. The statute was promulgated to protect U.S. workers from foreign competition, and to allow U.S. employers to hire foreign workers when qualified U.S. workers were not available. *See* Immigration and Nationality Act, Legislative History, H.R.Rep. No. 1365, 82d Cong., 2d Sess., *reprinted in* 1952 U.S.Code Cong. & Admin.News 1653, 1705; *Wang v. I.N.S.,* 602 F.2d 211, 213 (9th Cir.1979). There is no indication that the statute was intended to protect the interests of foreign, self-employed entrepreneurs.

 The regulatory scheme challenged by Bulk Farms is reasonably related to the achievement of the purposes outlined in section 212(a). As the district court correctly noted, "the DOL certification process is built around a central administrative mechanism: A private good faith search by the certification applicant for U.S. workers qualified to take the job at issue." *See* 20 C.F.R. § 656.21. This "good faith search" process operates successfully because all employers are subject to uniform certification requirements. The two independent safeguards challenged by Bulk Farms—the ban on alien self-employment and the bona fide job requirement—make the good faith search process self-enforcing. These prophylactic rules permit the Department of Labor to process more than 50,000 permanent labor certification requests each year. Were the challenged regulations to be judged inapplicable to self-employed aliens, DOL would be forced to make ad hoc inquiries into each certification request—a task far more difficult and more time consuming than the current certification procedure.

 The challenged regulations also represent a reasonable construction of section 212(a) insofar as they ensure the integrity of the information gathered by DOL. As a practical matter, where an employer is indistinguishable from the alien seeking the job in question, there is reason for the employer to abuse the process. The regulation's ban on self-employment makes it less likely that the certification process will be manipulated and "sham" employee searches conducted.

Appellant is in effect asking us to construe section 212(a) as a provision that encourages immigration by aliens seeking to engage in entrepreneurial activity in the United States. Its purpose is not that. Rather, Congress has recently enacted express provisions governing requirements for immigration by entrepreneurs. The Immigration Act of 1990 includes a new immigrant category for alien entrepreneurs. *See* Immigration Act of 1990, 8 U.S.C. § 1153(b)(5). Under the Immigration Act, aliens may enter the United States for purposes of engaging in new commercial enterprises, but must invest not less than $1,000,000 in the business, and must create not less than 10 full time employment positions. *Id.* Appellant's position, if adopted, would undermine the efficacy of these provisions.

AFFIRMED.